**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                          No. 4:04CR00291-13 JLH

CURTIS WAHEED RASOOL                                                                       DEFENDANT

**ORDER**

On January 30, 2006, Curtis Waheed Rasool entered a plea of guilty to conspiracy to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846, as alleged in Count I of a superseding indictment. On May 23, 2006, he was sentenced to a term of imprisonment of 159 months by The Honorable George Howard, Jr., now deceased. On June 19, 2006, the Court received a letter from Rasool stating:

> This correspondence is my attempt to notify this court of my attempt to file direct appeal with regards to case number 4:04CR00291-013 GH. I was represented by counsel Mrs. Denise Fletcher at sentencing and has made every attempt to contact counsel to file paperwork with this court, but to no avail. Please accept this notice as my right to reserve appealant [sic] remedy. I also would like to know the process I need to go through in order to retain other legal counsel. Thank you in advance for your cooperation.

That correspondence was docketed as a notice of appeal, and the case was forwarded to the United States Court of Appeals for the Eighth Circuit.

On March 17, 2008, the Eighth Circuit remanded to this Court. The per curiam opinion noted that judgment was entered on May 23, 2006; and that Rasool's pro se notice of appeal was dated June 12, postmarked June 15, and date stamped as received by the district court on June 19. Even if the notice of appeal was deemed filed on June 12, it was not filed within ten days of entry of judgment and is therefore untimely under Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate

Procedure. The Eighth Circuit remanded to this Court to determine whether the time for filing a notice of appeal should be extended under Rule 4(b)(4), which provides:

> Upon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Accepting as true the representations made by Rasool in his letter received on June 19, 2006, excusable neglect or good cause exists for extending the time for filing a notice of appeal. Rasool says that he made every attempt to contact his lawyer so that she would file a notice of appeal but could not do so. He wrote to inform the Court that he wished to reserve his right to appeal, and he wanted to be instructed on the process he needed to go through to retain another lawyer.

Therefore, the time for filing a notice of appeal is extended up to and including June 19, 2006. Accordingly, the letter received by this Court and filed as a notice of appeal is deemed timely filed.

The Court directs that the Clerk promptly return the case to the Eighth Circuit for further proceedings.

IT IS SO ORDERED this 18th day of March, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE